**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| _____ | ) | |
| **CHRISTOPHER SOGHOIAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 11-1080 (ABJ)** |
| | ) | |
| **v.** | ) | **ECF** |
| | ) | |
| **DEPARTMENT OF JUSTICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## DEFENDANT'S CONSOLIDATED REPLY AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant United States Department of Justice ("the Department" or "DOJ"), by and through undersigned counsel, respectfully replies to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Mem.") (ECF No. 17-1) in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended. Defendant also responds to Plaintiff's Cross-Motion for Summary Judgment, which was filed contemporaneously with its Opposition. *Id.*

Defendant's summary judgment motion established that the Department of Justice Criminal Division ("DOJ CRM") conducted a reasonable search of the two components likely to have records responsive to Plaintiff's FOIA request for information relating to methods used by the Department to obtain electronic evidence in federal criminal investigations. Specifically, DOJ CRM located potentially responsive records in the files of the Office of Enforcement Operations ("OEO") and the Computer Crime and Intellectual Property Section ("CCIPS"). DOJ CRM processed fourteen documents and referred four documents to the Executive Office for United States Attorneys ("EOUSA") for processing under the FOIA. DOJ CRM and EOUSA processed the records and

withheld some of the documents, in whole or part, under FOIA Exemptions 3, 5, 6, 7(C) and 7(E), 5 U.S.C. §§ 552(b)(3), (b)(5), (b)(6), (7)(C) and 7(E).

In his opposition and cross-motion for summary judgment, Plaintiff Christopher Soghoian, who is proceeding *pro se*, challenges the Department's assertion of FOIA Exemption 5, in conjunction with Exemption 7(E), to withhold information contained in twelve DOJ CRM Documents (Nos. 1-2, 5-14) and two EOUSA Documents (Nos. 3 and 4). *See* Pl.'s Mem. 7 n.2 & 13 n.3. Thus, Plaintiff does *not* challenge (and therefore concedes) the following issues addressed in Defendant's motion for summary judgment:

(1)  the reasonableness of Defendant's search for records responsive to Plaintiff's FOIA request;

(2)  Defendant's withholding of DOJ CRM Documents 3 and 4 (drafts);

(3)  Defendant's release of EOUSA Document 1 (CCIPS manual) in its entirety and the withholding of EOUSA Document 2 (pen register records); and

(4)  Defendant's assertion of FOIA Exemptions 3, 6, and 7(C) to withhold portions of DOJ CRM Documents 1-2 and 5-14, and EOUSA Documents 3-4. More specifically, Plaintiff does *not* challenge Defendant's assertion of Exemptions 6 and 7(C) to withhold portions of DOJ CRM Documents 5-10 and 14 (a USMS-generated document) and EOUSA Document 4.[1] Plaintiff also does *not* challenge Defendant's assertion of Exemption 3 to withhold EOUSA Document 3 under

---

[1]   Defendant asserts Exemptions 6 and 7(C) to protect the names and identities of federal attorneys, special federal agents and other government employees, local law enforcement personnel, third-party individuals, and criminal defendants identified in the responsive records.

the Pen Register Statute, 18 U.S.C. § 3123(d)(2).[2] As to the fourteen contested documents, Plaintiff

claims that Defendant did not release all reasonably segregable material to Plaintiff.

Defendant establishes in its moving papers and this reply and opposition to Plaintiff's cross-

motion for summary judgment that it has properly asserted the challenged FOIA exemptions to

withhold material contained in responsive documents, and that it has disclosed all responsive, non-

exempt records to Plaintiff.  Summary judgment is therefore appropriate because there is no genuine

issue as to any material fact, and Defendant is entitled to judgment as a matter of law.  For the same

reasons, the Court should deny Plaintiff's cross-motion for summary judgment.

## ARGUMENT

**I.    DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW
       BECAUSE ALL NON-EXEMPT RESPONSIVE MATERIALS HAVE BEEN
       RELEASED.**

This Court has jurisdiction in a FOIA action, such as this, only when an agency has

"improperly withheld" agency records. 5 U.S.C. § 552(a)(4)(B).  The Supreme Court has interpreted

this section of the statute to mean that jurisdiction only exists "upon a showing that an agency has

(1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Committee for*

*Freedom of the Press*, 445 U.S. 136, 150 (1980).  "The plaintiff must show that the agency

'contravened all three components of this obligation' in order for jurisdiction to be valid." *Kuffel*

*v. U.S. Bureau of Prisons*, 882 F. Supp. 1116, 1120 (D.D.C. 1995) (citing *Kissinger*, 445 U.S. at

---

[2]    Defendant withheld EOUSA Document 3 in its entirety under Exemption 3 in conjunction
with other exemptions and therefore Plaintiff concedes that this document was properly
withheld, notwithstanding Plaintiff's challenge to Defendant's assertion of Exemptions 5 and
7(E) as alternative bases to withhold the document.

150.).  Absent such a showing, FOIA confers no "judicial authority to devise remedies and enjoin agencies."  *Kissinger*, 445 U.S. at 150.

Thus, "it is well established that under the FOIA, 'once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made.'"  *Trueblood v. U.S. Dep't of Treasury*, 943 F. Supp. 64, 67 (D.D.C. 1996) (quoting *Crooker v. U.S. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980)); *see also Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).  Defendant has established through the Declarations of John Cunningham (DOJ CRM) and John Boseker (EOUSA), that it properly withheld portions of the responsive records located in the files of DOJ CRM as part of the search conducted in response to Plaintiff's FOIA request.  *See* Def.'s Mem. Of Points and Authorities in Support of Def.'s Motion for Summary Judgment ("Def.'s Mem.") (ECF No. 15) at 13-34.  Defendant's largely uncontested declarations and statement of material facts not in dispute ("SFNGD") establish that Defendant has properly asserted FOIA Exemption 5, in conjunction with Exemption 7(E) (as well as Exemptions 3, 6 and 7(C)), to withhold some or all of the information contained in documents that are responsive to Plaintiff's FOIA request.  Defendant  has therefore met its burden and demonstrated that it has not improperly withheld any responsive non-exempt documents.

### A.     Plaintiff Has Failed to Meet His Burden of Contradicting Defendant's Statement of Material Facts Not In Dispute.

Summary judgment is appropriate in a FOIA case where the pleadings, together with the declaration, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. *See* Fed. R Civ. P. 56(a); *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980); *Fischer v. United States Dep't of Justice*, 596

F.Supp.2d 34, 42 (D.D.C. 2009) ("summary judgment may be granted to the government if 'the agency proves that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester'") (citation omitted).

The agency may carry its burden by relying on the declaration of a government official because courts normally accord a presumption of expertise in FOIA as long as the declaration is sufficiently clear and detailed and submitted in good faith. *See, e.g., Oglesby v. U.S. Department of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Hayden v. National Security Agency*, 608 F.2d 1381, 1387 (D.C. Cir. 1979).  A court may therefore award summary judgment in a FOIA case solely on the basis of information provided by the department or agency affidavits or declarations.  *See Hayden*, 608 F.2d at 1387.  Here, Defendant supported its motion for summary judgment with the declarations of John Cunningham (DOJ CRM) and John Boseker (EOUSA).  As Defendant established in its moving papers, these declarations meet the requirements of *Vaughn v. Rosen*,  484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974), and provide the Court with the requisite bases to grant Defendant's motion.  The declarations identify and describe the documents responsive to Plaintiff's FOIA request, and set forth the justification for the exemptions claimed for the withholding of certain documents (*see* SFNGD generally).

Summary judgment should be entered in favor of Defendant because Plaintiff has failed to meet his burden of "contradicting the assertions"in Defendant's Statement of Material Facts Not in Genuine Dispute.  *See Neal v. Kelly*, 963 F.2d 453, 456-57 (D.C. Cir. 1992); Fed. R. Civ. P. 56(c); LCvR 7(h).  Pursuant to this Court's Local Rules, Defendant, unlike Plaintiff attached a statement of material facts not in genuine dispute to its motion. *See* LCvR 7(h) ("Each motion for summary

judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue . . . ."). In accordance with Local Civil Rule 7(h), the Court "may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." *Id.* Plaintiff does not include a separate statement of disputed issues as part of his opposition or a statement of material facts not in genuine dispute as part of his cross-motion for summary judgment, as required by Local Rule 7(h), and the Court may treat therefore Defendant's asserted facts as admitted.

**B.     Defendant Properly Applied FOIA Exemptions 5 and 7(E)
To Withhold Information Protected From Disclosure.**

In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. *See Students Against Genocide v. Dept. of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg*, 627 F.2d at 368. Here, Defendant has properly withheld responsive information based on the assertion of FOIA exemptions. Plaintiff, as stated, challenges only Defendant's assertion of FOIA Exemptions 5 and 7(E) to withhold information contained in fourteen responsive documents and does not challenge Defendant's assertions of FOIA Exemptions 3, 6, and 7(C) to withhold portions of those documents. *See* Pl.'s Mem. 7 n.2 & 13 n.3. Because of the similarity of the challenged withholdings, Plaintiff does not dispute them on a document by document basis. Rather, Plaintiff discusses only DOJ CRM Document 1 as illustrative of its challenge to Defendant's assertion of FOIA Exemptions 5 and 7(E)

generally.[3]  *See* Pl.'s Mem. 9, 11.  Specifically, Plaintiff contends that Defendant improperly uses Exemption 5 (deliberative process) to shield agency "working law" from the public (*id.* at 7), improperly uses Exemption 5 (attorney work product) to protect documents without identifying the litigation for which the document was created (*id.* at 10-11), and improperly uses Exemption 7(E) to withhold law enforcement techniques that are generally known or routine (*id.* at 15).  None of these arguments are availing.

Plaintiff seeks information from DOJ CRM relating to advice provided to Departmental attorneys and federal agents relating to the development of investigative strategies and techniques for obtaining electronic evidence in criminal prosecutions.  Defendant explained the basis for asserting Exemption 5 (deliberative process) to withhold a portion of the slide presentation used by a Criminal Division Supervisor in lecturing other Department of Justice attorneys regarding "Leveraging Emerging Technologies in Prosecuting Cases: Opportunities and Challenges" as follows:

> The slides were used as an outline to generate discussions between the CCIPS attorney and the Assistant United States Attorneys who would be conducting investigations, to discuss the various factual scenarios and the legal basis for choosing specific strategies.  The purpose of the lectures was to discuss with Assistant United States Attorneys issues that might arise if they selected certain investigative techniques and how that might impact their ability to establish their case.

Def.'s Mem. 19-20 (citations omitted).  Defendant also pointed out that this information constituted work product within the meaning of Exemption 5 because these strategies provided "tips on

---

[3]  Defendant will therefore discuss the bases for its withholding of a portion of DOJ CRM Document 1 under FOIA Exemptions 5 and 7(E) in this reply and opposition and continue to rely on its specific justifications for the withholding of the remaining challenged documents set forth in our moving papers.

handling future litigation." *Id.* at 20 (citing *Hunt v. United States Marine Corps.*, 935 F.Supp. 46, 53 (D.D.C. 1996)).

Plaintiff's reliance of *Tax Analysts v. Internal Revenue Service*, 117 F.3d 607 (D.C. Cir. 1997) is misplaced. *See* Pl.'s Mem. 9. Far from prohibiting an agency's reliance on Exemption 5 to withhold information relating to possible investigative strategies that may be employed in current and future criminal prosecutions, *Tax Analysts* rejected the assertion of Exemption 5 (deliberative process) to the extent it allowed an agency to develop a body of "secret law" through informal interpretations of federal law. 117 F.3d at 617. Specifically, in *Tax Analysts*, the Court of Appeals determined that the Field Service Advice Memoranda ("FSAs") issued by the Office of the Chief Counsel of the Internal Revenue Service constituted "agency law," even if the conclusions were not formally binding. *Id.* The Court of Appeals explained that "the structure and purposes of the FSA system reveal that the national office, in issuing these memoranda, is attempting to develop a body of coherent, consistent interpretations of the federal tax laws nationwide." *Id.*

The slide presentation and other materials withheld by DOJ CRM and EOUSA do not comprise a body of secret law, but rather an effort by the Department of Justice to advise federal prosecutors and agents of the various investigative techniques available to them and the legal issues and factors to be considered in determining the suitability of these techniques in current and prospective criminal prosecutions. This necessarily involves frank and open discussions about the relevant legal issues and the desirability of selecting a specific technique in a particular investigation and also requires that law enforcement personnel be afforded an opportunity to share their experiences in particular cases in order to determine the suitability of various techniques to other investigations. Thus, the material withheld in this case hardly constitutes the development of

"working law," but rather was properly withheld under Exemption 5 as part of a deliberative process.

In addition, Defendant properly withheld the slide presentation and other materials under Exemption 5 on the basis that the discussion of strategies in the material was endorsed in the *Hunt* case as constituting work product because the strategies provide "tips on handling future litigation" arising from current and future criminal prosecutions.  935 F.Supp. at 53.  Furthermore, contrary to Plaintiff's contention, Defendant has also met its burden with respect to attorney work product by referencing the existence of a particular prosecution when appropriate.  *See id.* at 28 (DOJ CRM Document 10 involved an email discussion regarding a request for assistance and guidance from an AUSA regarding a search warrant).  Indeed, by conceding Exemptions 3, 6, and 7(C), Plaintiff's argument that Defendant should identify any particular litigation with greater specificity is unavailing.

Defendant also properly asserted Exemption 5, in conjunction with Exemption 7(E), to withhold portions of DOJ CRM Document 1.  As Defendant explained in its motion for summary judgment:

> [DOJ] CRM's OEO and CCIPS advise Federal law enforcement, including Assistant United States Attorneys, regarding various electronic surveillance issues, both legal and strategic.  The records located in response to Plaintiff's request were compiled in relation to OEO and CCIPS's fulfillment of that role.  The information contained in these slides describes the various legal and investigative techniques that should be considered by investigators and Assistant United States Attorneys in conducting their criminal investigations.  Disclosure of this type of information could provide criminals the information necessary to evade of thwart detection by federal law enforcement.

Def.'s Mem. 20-21 (citations omitted).  Defendant further explained in its motion for summary judgment that it properly withheld information relating to investigative techniques because, while

Exemption 7(E)'s protection is generally limited to techniques or procedures that are not well known to the public, even commonly known procedures may be protected from disclosure if the disclosure could reduce or nullify their effectiveness. *See, e.g., Piper v. U.S. Dep't of Justice*, 294 F.Supp.2d 16, 30 (D.D.C. 2003) (declaring that polygraph materials were properly withheld because their release would reveal sensitive "logistical considerations"), *reconsideration denied on other grounds*, 312 F.Supp.2d 17 (D.D.C. 2004); *Edmonds v. FBI*, 272 F.Supp.2d 35, 56 (D.D.C. 2003) (deciding that the FBI's declaration "convincingly describes how the release of [polygraph] information might create a risk of circumvention of the law"). Here, Plaintiff fails to recognize that the information withheld does not relate solely to a particular investigation or technique, but to the general discussion of "legal issues and strategies pertaining, in part, to obtaining location information for wireless devices in the course of criminal law enforcement investigations." Def.'s Mem. at 26. Disclosure of such information would reduce or nullify the effectiveness of the use of these techniques by law enforcement and Defendant therefore properly asserted Exemption 7(E) in conjunction with Exemption 5 to withhold responsive information.

**C.     Defendant Released All Reasonably Segregable Material.**

Finally, Defendant has demonstrated that it released reasonably segregable material to Plaintiff. *Id.* at 34-36. Indeed, the CCIPS manual is publicly available on the internet and, even before Plaintiff's request, DOJ CRM had decided to make some of the material in the OEO manual publicly available. *See id.* at 35-36 n.13. Thus, there are two OEO manuals, one only available to DOJ law enforcement personnel, and the second, a carefully redacted version, available to the public on-line, that provides pertinent information without releasing other material whose disclosure would

be harmful to law enforcement.  *Id.*   Defendant is therefore entitled to summary judgment and the

Court should deny Plaintiff's cross-motion for summary judgment.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, and those stated in Defendant's moving papers,

the Court should enter judgment in favor of the Defendant and deny Plaintiff's cross-motion for

summary judgment.

Respectfully submitted,

RONALD C. MACHEN JR, DC Bar # 447889
United States Attorney for the District of
 Columbia

DANIEL F. VAN HORN, DC Bar # 924092
Acting Chief, Civil Division


By:        /s/
       JOHN G. INTERRANTE
       PA Bar # 61373
       Senior Litigation Counsel
       Civil Division
       555 4th Street, NW, Room E-4808
       Washington, DC  20530
       Tel:    202.514.7220
       Fax:    202.514.8780
       Email:  John.Interrante@usdoj.gov