# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHRISTOPHER SOGHOIAN ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 11-1080 (ABJ) |
| ) | |
| DEPARTMENT OF JUSTICE ) | ECF |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S CONSOLIDATED REPLY AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Christopher Soghoian, proceeding *pro se*, respectfully replies to Defendant United States Department of Justice's Consolidated Reply (ECF No. 21) in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

As noted by Defendant in its Reply, Plaintiff did not challenge and therefore concedes several issues.[1] Plaintiff continues to contest fourteen documents, for which Defendant did not release all reasonably segregable material.[2]

Plaintiff continues to dispute Defendant's claim that it has properly asserted the challenged FOIA exemptions to withhold material contained in responsive documents, and that it has disclosed all responsive, nonexempt records to Plaintiff.[3]

---

[1] The unchallenged issues are: 1. the reasonableness of Defendant's search for records responsive to Plaintiff's FOIA request; 2. Defendant's withholding of DOJ CRM Documents 3 and 4 (drafts); Defendant's release of EOUSA Document 1 (CCIPS manual) in its entirety and the withholding of EOUSA Document 2 (pen register records); and Defendant's assertion of FOIA Exemptions 3, 6, and 7(C) to withhold portions of DOJ CRM Documents 1-2 and 5-14, and EOUSA Documents 3-4. More specifically, Plaintiff does not challenge Defendant's assertion of Exemptions 6 and 7(C) to withhold portions of DOJ CRM Documents 5-10 and 14 (a USMS-generated document) and EOUSA Document 4. Plaintiff also does not challenge Defendant's assertion of Exemption 3 to withhold EOUSA Document 3 under the Pen Register Statute, 18 U.S.C. § 3123(d)(2).

[2] Plaintiff challenges the following documents improperly withheld under Exemption 5 and 7(E): DOJ Criminal Division (CRM) Vaughn items 1-2, 5-14; Executive Office for United States Attorneys (EOUSA) Vaughn items 3 and 4.

## ARGUMENT

## PLAINTIFF IS ENTITLED TO JUDMENT AS A MATTER OF LAW BECAUSE THE GOVERNMENT HAS FAILED TO RELEASE ALL NON-EXEMPT RESPONSIVE MATERIALS

### Defendant Has Improperly Withheld Material Under Exemption 5

In passing FOIA, Congress intended to ensure that the government's administration of the law comports with the public's understanding of it. "One of the principal purposes of the Freedom of Information Act is to eliminate secret law." *Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 781 (D.C. Cir. 1978) (Bazelon, J., concurring) (citations omitted); see also *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 869 (D.C. Cir. 1980) ("[T]he public is entitled to know what its government is doing and why."); See *Cuneo v. Schlesinger*, 484 F.2d 1086, 1090 (D.C. Cir. 1973) (secret law "either create[s] or determine[s] the extent of the substantive rights and liabilities of a person affected"). ).

The secret law doctrine is meant to open to the public records that guide and constrain governmental activities that affect individual rights. See N.L.R.B., 421 U.S. at 153. The D.C. Circuit's decision in Jordan highlights the danger of allowing the government to conceal these types of records. Jordan concerned a FOIA request for prosecutorial guidelines and policy manuals that governed a U.S. Attorney's Office's exercise of prosecutorial discretion. Judge Bazelon, concurring in the decision requiring the disclosure of those guidelines, emphasized that "the settled practices of the government," even "if not codified 'law,'" were "at least as important as any statute to the individual" affected by such practices. *Id.*

Particularly in the area of electronic surveillance, where the relevant law is 25 years old, predating social networks, cloud computing, and mobile phones, analysis of the published statutes does not reveal much, if anything, about the legal process followed by the government when it engages in surveillance. *See generally* Kevin Bankston, Only The DOJ Knows: The Secret Law of Electronic Surveillance, University of San Francisco Law Review, Vol. 41, p. 589, 2007 (describing three areas in which federal prosecutors secretly and routinely obtain court authorization for surveillance methods that Congress did not intend). *See also*, Magistrate Judge Stephen Wm. Smith, Gagged, Sealed &

---

[3] As Defendant also notes in its Reply, Plaintiff did not file a statement of material facts not in genuine dispute or a separate statement of disputed issues. *Defendant's Reply at 6*. Plaintiff does not dispute items 1-20 in Defendant's statement of material facts. Plaintiff does, however, dispute item 21, which states that "DOJ CRM and EOUSA have released all reasonably segregable portions of documents to plaintiff in response to its FOIA request. All redacted information was exempt from disclosure pursuant to a FOIA exemption or was not reasonably segregable because its release would have revealed the underlying protected material." (citations omitted).

Delivered: Reforming ECPA's Secret Docket, Harvard Law & Policy Review Vol. 6, 2012 Forthcoming, available at papers.ssrn.com/sol3/papers.cfm?abstract_id=2071399 (describing electronic surveillance orders as "legible to the phone companies and electronic service providers who execute them, yet imperceptible to targeted individuals, the general public, and even other arms of government, including Congress and appellate courts.")

In that vein, courts have held that the government cannot invoke Exemption 5 to suppress legal standards that an agency has in practice adopted or used.  See, e.g., *Orion Research, Inc. v. Envtl. Prot. Agency*, 615 F.2d 551, 554 (1st Cir. 1980) (Exemption 5 does not apply to "final memoranda that 'represent policies, statements or interpretations of law that the agency has actually adopted.'"  (citation omitted)); *Coastal States Gas Corp.*, 617 F.2d at 867 ("[A]n agency will not be permitted to develop a body of 'secret law,' used by it in the discharge of its regulatory duties and in its dealings with the public, but hidden behind a veil of privilege because it is not designated as 'formal,' 'binding,' or 'final.'"); *Sterling Drug, Inc. v. FTC*, 450 F.2d 698, 708 (D.C. Cir. 1971) (same).

The law of location surveillance is exceedingly complex and in a state of flux, particularly as magistrate judges around the country are starting to refuse to continue to permit the government to obtain location data without a warrant. *See generally* Stephanie K. Pell and Christopher Soghoian, Can You See Me Now?: Toward Reasonable Standards for Law Enforcement Access to Location Data that Congress Could Enact, Berkeley Technology Law Journal, Vol. 27, p. 117, 2012. As such, the legal advice offered by the Office of Enforcement Operations and the Computer Crime and Intellectual Property Section carries significant weight, and is not merely advisory. Whatever these offices recommend, prosecutors and investigators do. As such, their advice, once presented to prosecutors, is official DOJ policy.

### Defendant Has Improperly Withheld Material Under Exemption 7(E)

Defendant argues that the materials withheld under 7(E) have been properly withheld because even commonly known procedures may be protected from disclosure if the disclosure could reduce or nullify their effectiveness. *Defendant's Reply at 10.* However, Defendant also acknowledges that the material withheld relates to "legal issues and strategies pertaining, in part, to obtaining location information for wireless devices in the course of criminal law enforcement investigations." *Id*.

While there are surveillance methods and techniques that the government may legitimately wish to keep secret, such secrecy should not extend to information relating to the legal process necessary for the government to use those methods. Thus, as an illustrative example, it might be reasonable to keep secret the details about the technical capabilities of particular wireless phone surveillance device used by the government, but the type of court order necessary for the government to use it to spy on a target should not be shielded from disclosure under FOIA.

Defendant also claims that the "[d]isclosure of such information would reduce or nullify the effectiveness of the use of these techniques by law enforcement." *Id*. Defendant has not provided specific facts supporting its claim that disclosure of its legal theories would nullify the effectiveness of particular surveillance techniques. Nor does it

cite any case law to support its argument that exemption 7(E) permits the government to keep the public in the dark regarding its interpretation of surveillance laws, rather than technical details regarding the specific technologies used.

### **Defendant Has Failed to Release All Reasonably Segregable Material**

Plaintiff does not dispute Defendant's statement that there are two OEO manuals. Defendant describes these two documents as "one only available to DOJ law enforcement personnel, and the second, a carefully redacted version, available to the public on-line, that provides pertinent information without releasing other material whose disclosure would be harmful to law enforcement." *Defendant's Reply at 10-11*. Plaintiff does, however, dispute Defendant's claim that the 2nd OEO manual has been "carefully" redacted, or that the disclosure of any of the redacted material to the public would be harmful to law enforcement.

Specifically, Defendant has not provided any information to suggest that the redaction of the OEO manual was performed following the exemption standards under FOIA. For example, the legal standard for redaction of information under exemption 7E is not information if disclosed that would be "harmful to law enforcement", but rather, that the disclosure "could reasonably be expected to risk circumvention of the law." Furthermore, Defendant has asserted only broad, speculative, and unsupported claims that disclosure of any of the redacted material to the public would be harmful to law enforcement.

As for the other withheld documents contested by Plaintiff, Defendant has failed to provide all reasonably segregable potion of those records not covered by the exemptions to FOIA.[4] This court can and should require the Defendant to submit all of the contested documents for an *in camera* review, which will undoubtedly prove that Defendant failed to release all reasonably segregable material.

---

[4] Defendant claims that it withheld a "portion of the slide presentation used by a Criminal Division Supervisor in lecturing other Department of Justice attorneys." *Defendant's Reply at 7*. Defendant has provided Plaintiff with the first (title) and last (contact info) slides from this presentation. All of the useful content has been withheld. The Defendant's claim that this material constitutes a "portion" is at best, an exaggeration.

## CONCLUSION

WHEREFORE, for the foregoing reasons, and those stated in Plaintiff's moving papers, the Court should enter judgment in favor of the Plaintiff and deny Defendant's motion for summary judgment.

                                              Respectfully submitted,

                                              _____/s/_____
                                              CHRISTOPHER SOGHOIAN
                                              1725 Irving St NW
                                              Washington, DC 20010
                                              (617) 308 6368
                                              *(Pro Se)*

Dated: June 22, 2012